## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **WILLIAM MORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Action No.** |
| | ) |
| **MTD PRODUCTS COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant MTD Products Company ("MTD") removes this action pursuant

to 28 U.S.C. §§ 1441 and 1446.[1]  This Court has diversity jurisdiction of this case

because it is a civil action between citizens of different states and the amount in

controversy exceeds $75,000.  This action should therefore proceed before this

Court.

## I.      BACKGROUND

1.      On August 9, 2021, Plaintiff William Morgan filed a Complaint, Case

Number 21-C-05903-S4, in the State Court of Gwinnett County, Georgia

---

[1] By filing this notice, MTD does not waive, and specifically reserves, all defenses
and exceptions to this action.

("Complaint").   In the Complaint, Plaintiff asserts claims against MTD for Negligence, Breach of Warranty, Strict Liability, and Attorneys' Fees.

2.      A true and correct copy of all process, pleadings, and orders served on MTD in Case Number C-05903-S4 in the State Court of Gwinnett County, Georgia, is attached hereto as **Exhibit A**.

3.      This Court has subject matter jurisdiction over this matter because it involves citizens of different states and the amount in controversy exceeds $75,000. Thus, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

## II.      <u>DIVERSITY JURISDICTION</u>

### A.      <u>The Parties Are Diverse</u>

4.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000.  *See* 28 U.S.C. § 1332(a)(1) (granting federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States").

5.      Based on the allegations of the Complaint, Plaintiff is a citizen of Georgia for diversity purposes.  *See* Complaint at ¶ 4 (describing Plaintiff's home

located in Buford, Georgia).  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6.      The Complaint correctly states MTD is a foreign corporation.  *See* Complaint at ¶ 3.  MTD is incorporated in the state of Ohio and maintains its principal place of business in Ohio.  *See* Ohio Secretary of State Records, attached hereto as **Exhibit B**.  Accordingly, MTD is a citizen of Ohio for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business….").

 Thus, based on the foregoing, there is complete diversity of citizenship between the parties.

### B.    The Amount in Controversy Exceeds $75,000

7.      In addition, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.  Viewing Plaintiff's allegations as a whole and from the Plaintiff's perspective, the amount of damages sought in the action exceeds $75,000.

8.      "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown

that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

9.     The Complaint alleges MTD is responsible for damages caused to Plaintiff's home as the result of a fire.[2]  The Complaint seeks damages "in an amount in excess of $190,521.54."  Complaint at ¶ 6.

10.     While MTD denies liability for the damages alleged and does not admit such damages have in fact been incurred, there is no reason to conclude Plaintiff's allegation concerning the amount of damage is not made in good faith.  *See Horton*, 367 U.S. at 353-54 (holding the amount in controversy requirement was met where the defendant denied "any liability at all" but "allege[d] that petitioner…has claimed, now claims and will claim" damages in an amount beyond the jurisdictional threshold).

11.     Accordingly, the Complaint on its face satisfies the amount in controversy requirements of 28 U.S.C. § 1332.  The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and MTD may remove this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

---

[2] MTD does not admit these allegations.

4

### III.   **CONCLUSION**

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. § 1446. Concurrent with the filing of this Notice of Removal, MTD has served Plaintiff with a copy of MTD's Notice of Removal to Federal Court.  A copy of this Notice, without exhibits, is attached hereto as **Exhibit C**.

WHEREFORE, MTD prays that Case Number 21-C-05903-S4 in the State Court of Gwinnett County, Georgia, be removed to and proceed in this Court and that no further proceeding be had in this case in the State Court proceeding.

Respectfully submitted this 7th day of September, 2021.

[Signature on following page]

*/s/James D. Meadows*
James D. Meadows
Georgia Bar No. 500360
Email: dmeadows@balch.com
Patrick Silloway
Georgia Bar No. 971966
Email: psilloway@balch.com
Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 30308
Telephone:  (404) 261-6020
Facsimile:  (404) 261-3656

*Attorneys for Defendant MTD Products Company*

## **<u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D).

This 7th day of September, 2021.

/s/James D. Meadows

James D. Meadows

Georgia Bar No. 500360

## **CERTIFICATE OF SERVICE**

I certify that on September 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record:

Eric D. Miller
Miller Insurance Law Enterprise
115 Perimeter Center Place, Suite 430
Atlanta, GA 30346

*/s/James D. Meadows*
James D. Meadows
Georgia Bar No. 500360